Thomas J. Flaherty, OSB No. 740965
3032 SE Rood Bridge Drive,
Hillsboro, OR 97123
Phone: 503-245-2500
Fax: 503-648-6695
flahertythomas@msn.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DIANE ELAINE SCOTT, PERSONAL REPRESENTATIVE OF THE ESTATE OF KYLE BATT, deceased,<br>　　　　　Plaintiff(s),<br><br>　　　　　v.<br><br>UNITED STATES OF AMERICA; INTEGRATED MEDICAL SOLUTIONS, LLC, A TEXAS LIMITED LIABILITY COMPANY ALSO KNOWN AS INTEGRATED MEDICAL SOLUTIONS, INC.; JOHN DOES ONE THROUGH TEN,<br>　　　　　Defendant(s). | Case No.:　3:23-cv-00423-SB<br><br>FIFTH AMENDED COMPLAINT: STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674) (PRAYER:　$22,502,515.00) |

<u>JURISDICTION AND VENUE</u>

1.

Jurisdiction in this matter is based upon 28 USC § 1346 and 28 USC § 2674, because the United

States is a defendant and because this is a tort claim against the United States Federal

1 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

Government.  At the time of his death, Kyle Batt was an inmate and a resident of the Federal Bureau of Prisons Federal Correctional Institution (FCI) in Sheridan, County of Yamhill, State of Oregon.  Kyle Batt had been an inmate at Sheridan Oregon for one year and ten months and as such had been under the care, control, and custody of the Sheridan FCI for those one year and ten months.  Therefore venue is proper in the Portland Division of the U.S. District Court for the District of Oregon.

2.

The Federal Correctional Institution in Sheridan, Oregon is a federal prison owned by the United States government and under the administrative control of the United States Federal Bureau of Prisons (BOP) which is a federal agency of the United States government and is part of the United States Department of Justice (DOJ) which is also a federal agency.  At the time of Kyle Batt's death, DeWayne Hendrix was the Warden of the Federal Correctional Institution in Sheridan and this prison was under his direction and control.

3.

At all times mentioned herein, DeWayne Hendrix and John Does One Through Ten were employees and agents of the Federal Bureau of Prisons and the Department of Justice and were acting within the course and scope of their employment.  Integrated Medical Solutions LLC (IMS) is a Texas based limited liability company with corporate headquarters in Mansfield, Texas.  To the best of the plaintiff's knowledge, IMS was hired by the Bureau of Prisons to provide hospital and medical care to inmates incarcerated at FCI Sheridan on a contract basis. IMS and its employees were therefore acting agents and employees of the principals, Bureau of

2  | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Prisons and Department of Justice, and the government of the United States. At all times mentioned herein, IMS and its employees were acting within the course and scope of their employment.

4.

At all times mentioned herein, Diane Elaine Scott was the mother of Kyle Batt and the grandmother of K.R.B., a minor child, 11 years of age, the daughter of Kyle Batt. Both Diane Elaine Scott and K.R.B were and are residents of the State of Idaho.

5.

Diane Elaine Scott was lawfully appointed as the Guardian and Conservator of K.R.B. by the District Court of the Third Judicial District, State of Idaho, County of Canyon Magistrate Division *In the Matter of the Guardianship of K.R.B., A Minor Child* on October 19, 2018, Case Number CV14-18-06384. A letter of Guardianship and Conservatorship was issued by the court on October 25, 2018.

6.

Diane Elaine Scott was lawfully appointed as the Personal Representative of the Estate of Kyle A. Batt *In The Matter of the Estate of Kyle A. Batt, Deceased Person* by the court In the District Court of the Third Judicial District, State of Idaho, County of Canyon Magistrate Division, Case No. CV14-22-07869 on September 21, 2022. Letters of Administration were issued on September 22, 2022.

7.

Plaintiff is therefore the duly and lawfully appointed, qualified, and acting administrator of the estate of Kyle Batt, deceased. That Kyle Batt left surviving him his mother, the plaintiff herein,

3 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

and his daughter, K.R.B.  Plaintiff is also the duly appointed qualified and acting guardian and conservator for K.R.B., a minor child, and therefore the duly appointed, qualified, and acting guardian ad litem for the purposes of this matter.  This action is being brought for the benefit of Kyle Batt's heirs and his estate.

FACTS OF THE CASE

8.

Kyle Batt first came into the federal prison system as an inmate on or about May 22, 2014.  His initial diagnosis upon becoming a federal inmate at a federal correctional institution was seizure disorder, and the treatment prescribed was anti-seizure medication prescribed to be given twice a day by several Bureau of Prison treating medical doctors.  Kyle Batt suffered several seizures from the date of his initial imprisonment until the date of his death on March 12, 2021, at 6:58 AM.  Prior to the date of his death, Kyle Batt did not receive his anti-seizure medicine for several days despite his numerous requests to the Sheridan FCI pharmacy and officials for this medicine.  As a direct and proximate result of the conduct of the defendants and each and all of them in failing to provide his anti-seizure medicine, Kyle Batt suffered a seizure late at night on March 11, 2021, followed by another seizure early morning on March 12, 2021, during which he aspirated fluid into his lungs and suffered heart failure and died.

9.

The prison failed to provide Kyle Batt with seizure medication.  The medication was initiated at Victorville FCI, California on May 22, 2014, and continued through 2016 at Lompoc FCI, California.  These medications continued through June 2018 at Estill FCI, South Carolina, and

4  | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

continued through May 2019 at Tucson FCI, Arizona.  His blood levels of seizure medications were reported low at Sheridan FCI on July 16, 2019.  However, no increase in dosage was ordered until January 12, 2021, at Sheridan.  However, he did not ever receive that increase nor did he ever receive enough medication to increase his dosage.  He had run out prior to his death on March 12, 2021.

10.

At all times mentioned herein, Kyle Batt was an inmate in the federal prison system from May 22, 2014, until the date of his death and during that entire time was under the complete care and control of the Bureau of Prisons (BOP) and Department of Justice (DOJ), and each of them.  Kyle Batt thus was totally and completely dependent upon the BOP and DOJ for the access to his anti-seizure medications.  It was up to the BOP to obtain these medications and then give them to Kyle Batt twice a day as prescribed by the Bureau of Prison treating doctors.

11.

The Federal Bureau of Prisons has published and established a "Program Statement", OPI: HSD/HPB, NUMBER:  6031.04, DATE:  June 3, 2014" entitled "PATIENT CARE" 58 pages, establishing standards of medical care for the Bureau of Prison including Sheridan FCI.  It was signed by Charles L. Samuels, Jr., Director, Federal Bureau of Prisons.  It states:  "…1. PURPOSE AND SCOPE. To effectively deliver medically necessary health care to inmates."  It further states:  "…PROGRAM OBJECTIVES.  The expected result of this program is:  Health care will be delivered to inmates in accordance with proven standards of care without compromising public safety concerns inherent to the agency's overall mission."

5  | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

12.

This "Program Statement" "Patient Care" sets forth 5 "Categories of Care" one of which is "…a. Medically Necessary – Acute or Emergent".  Medical conditions that are of an immediate, acute or emergent nature, which without care would cause rapid deterioration of the inmate's health, significant irreversible loss of function or may be life threatening."  Kyle Batt's seizure condition was of a "Medically Necessary – Acute or Emergent" nature.  The "Program Statement" "Patient Care" further states "Treatment for conditions in this category is essential to sustain life or function and warrant immediate attention.  (Emphasis added)

13.

The "Program Statement" further provides an action plan entitled "9.  EMERGENT/URGENT CARE"  wherein it requires each institution to have "… an Institution Supplement for providing 24 hour medical, dental and mental health care…"; first aid and crisis intervention units; an urgent treatment room, an emergency medical vehicle; a plan for transfer of all inmates to a local medical facility; a plan for emergency treatment in the absence of a 24 hour on-site medical coverage; emergency on-call procedures for the hours that health care providers are not on-site; 4 minute response to life or limb-threatening medical emergencies; a team of "first-responders" established for each shift with documented training in first aid and CPR; use of designation hospital emergency rooms, emergency on-call physicians, dentist and mental health facility; security procedures providing for the immediate transfer of inmates when appropriate; and two emergency disaster drills per year among many other requirements. (Emphasis added)

///

6 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

14.

In addition, the Federal Bureau of Prisons has published "Program Statement OPI:  HSD/HPB, Number:  P6360.01, Date: 1/15/2005 Subject:  Pharmacy Services" 39 pages, in which it establishes medical/pharmacological standards of care for the purchase, organization, care, safety, handling and disbursement of medications by pharmacists to inmates.  The "Program Statement" states that its purpose and scope is "To guide a broad spectrum of operations in the Bureau pharmacy program.  "It further states that the program objectives are:  "The expected results of this program are:  An inmate's access to quality, necessary, cost-effective pharmaceutical care will be provided."  It further states that the standards of operation are: "Each institution will provide space, equipment, and supplies for the professional and administrative functions of the pharmacy to promote patient safety through the proper storage, preparation, dispensing, and administration of drugs."  It requires that the institution's chief pharmacist to establish procedures and operation practices in regard to pharmaceutical services. It also requires that the pharmacy personnel to be well educated and trained, to participate in relevant educational programs, and to undergo an orientation program.  No pharmacy can dispense medications unless he has gone through the training and orientation program.  The program also states that:  "d.  Patient Safety.  The institution's Chief Pharmacist will ensure that there are written procedures in place for patient safety and the control, accountability, and distribution of drugs."  The program provides strict compliance with medication orders and strict compliance with dispensing and distributing medications to inmates.  It states:  "Pharmacist Responsibilities.  Pharmacists will participate in drug therapy monitoring and DUE activities to

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

help achieve safe, effective and rational use of drugs." The program states: "Urgent Care Carts. An adequate supply of urgent care drugs will be maintained in the Pharmacy and in designated areas. The chief Pharmacist is responsible for all medications located in the urgent care carts and kits, and for inspection procedures used…Information regarding supplies and medication for the urgent care carts, based on the level of emergency care provided, is available for the BOP Chief Pharmacist." The Program Statement adopts the Standards referenced in the American Correctional Association 4th Edition Standards for Adult Correctional Institutions and the American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities. (Emphasis added)

15.

That at all times mentioned herein John Doe 1 was the Chief Pharmacist at the Federal Correctional Institution (FCI) in Sheridan and was an agent and employee of the Federal Bureau of Prisons Sheridan FCI and John Doe 2 through 10 were also agents and employees of the Federal Bureau of Prisons Sheridan FCI and all were acting within the course and scope of their employment.

16.

Plaintiff filed her two Federal Tort Claim Notices, Standard Form 95, upon all of the above-named defendants on May 31, 2022 in accordance with 28USC§2675. The Tort Claim Notices were served upon the defendants and each of them by first class mail and certified mail, return receipt requested on or about June 10, June 13, and June 14, 2022.

8 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

FIRST CLAIM FOR RELIEF – STATUTORY WRONGFUL DEATH – ORS 30.020 (against

United States of America and Integrated Medical Solutions, LLC)

17.

Plaintiff realleges paragraphs 1 through 16 and includes them as though fully set forth and contained herein.

18.

Defendants had a duty to establish adequate policies and procedures to ensure that prisoners with serious medical conditions received timely appropriate medical care.  They also had a duty to adequately train and supervise its staff and employees to ensure that prisoners with serious medical conditions receive timely and appropriate medical care.  Defendants had a duty to provide timely and adequate medical care for prisoners with serious medical conditions.  They also had a duty to provide timely, adequate, and appropriate medicines for prisoners' serious medical conditions.  Defendants, by their conduct described above, breached these duties.  The medical care provided by defendants to Kyle Batt fell below the standard of care provided by medical professionals in Oregon and the rest of the United States.

19.

That as a direct and proximate result of the negligence, gross negligence, negligence per se, and deliberate indifference of the defendants and each of them Kyle Batt died at approximately 6:58 AM on March 12, 2021, at the Willamette Valley Medical Center, McMinnville, Oregon, as the result of a brain seizure and heart failure.

///

9 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

20.

That the direct and proximate cause of Kyle Batt's brain seizure, heart failure, and death was the negligence, negligence per se, gross negligence, and deliberate indifference of the defendants and each of them in the following specifics:

1.  Failure to administer brain seizure medicines to Kyle Batt twice a day for several days, despite his numerous requests for the medicine;

2.  Failure to provide adequate medical care and medication when the defendants were aware of Kyle Batt's seizure disorder;

3.  Housing Kyle Batt on an upper tier bunk when prison physicians and prison medical records and orders show that he was required to have a lower tier bunk which was easier to get to in the event of a seizure;

4.  Failure to have medical staff on overnight duty;

5.  Significant time delay in calling paramedics and getting them to Kyle Batt in a timely manner;

6.  Failure to have trained staff on duty as shown by Sheridan FCI staff and emplyees not knowing how to use the gurney or what to do in the case of a seizure;

7.  Deliberate indifference to an inmate's medical needs which jeopardized Kyle Batt's safety thereby causing his death to occur, thereby violating the 8th Amendment to the U.S. Constitution;

10 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

8. Failure to give adequate consideration to abrupt changes in Kyle Batt's anti-seizure medication by failing to place him in a side-lying position in order to prevent injury from aspiration, in violation of Title III of the American Disabilities Act (ADA);

9. Failure to give Kyle Batt his brain seizure medications on a regular basis in violation of Title III of the ADA:

10. Failure to conduct periodic testing of Kyle Batt's blood as required by Title III of the ADA;

11. Failure to properly train prison staff on the medical responses to seizures.

12. Officers failed to operate the gurney on the stairs, in the Sheridan CFI down to the waiting ambulance.

13. Officers did not know what to do with a patent who was suffering a seizure.

14. The officers failed to ask Kyle Batt's cellmate how to handle a seizure patient.

15. The officers failed to get to Kyle Batt in a timely manner thus causing a serious delay in alleviating his seizure symptoms and adding to the further cause of his death.

16. In failing to send enough aid to Kyle Batt thus causing his cellmate to help carry Kyle Batt's stretcher down the stairs to the waiting ambulance.

17. On intake to Sheridan, blood levels of Oxcarbazepine were done and were flagged as low. No increase in dose was ordered, nor was there ever a follow-up blood test done in two years.

18. Multiple occasions of dispensing too few pills, and no effort to obtain and/or dispense additional pills to get him through the month.

11 | FIFTH AMENDED COMPLAINT: STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER: $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

19. Ignored his numerous requests for medication refills, even though seizure disorder is a high-priority condition.  No alternative meds were provided, and no reason was given for not providing the medication.

20. Even after being seen in medical for seizures, no blood levels were done, no adjustment in dose, no alternative meds were prescribed.

21.

That the seizure and heart failure were immediately painful and disabling.  Kyle Batt suffered great physical and mental pain, worry and discomfort before he died, all to his noneconomic damage in the sum of $5,000,000.00.

22.

That as a direct and proximate result of the above described negligent, grossly negligent, negligence per se, and deliberate indifference behavior of the defendants and each of them, Kyle Batt was deprived of his ability to ever work at gainful employment and support his family and suffered a loss of future wages in the sum of $2,500,000.00 economic damages.

23.

That as a direct and proximate result of the negligent, gross negligence, negligence per se, and deliberate indifference of the defendants and each of them and the resulting death of Kyle Batt, K.R.B. has been deprived of the decedent's support, and of the advice, care, counsel, and services of her father, all to her damage in the sum of $5,000,000.00.

///

12 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

24.

As a direct and proximate result of the injury and death, the decedent's estate has been damaged for medical and funeral expenses in the sum of $2515.00.

25.

That as a direct and proximate result of the injury and death of Kyle Batt, plaintiff Diane Scott has lost the services of her son to her damage in the sum of $5,000,000.00.

26.

This action for relief is being brought pursuant to ORS 30.020 for the benefit of the heirs of Kyle Batt's estate, Diane Scott and K.R.B.

27.

That defendant's conduct as described above, was negligent, careless, reckless, gross, and constitutes gross negligence and negligence per se and deliberate indifference.

SECOND CLAIM FOR RELIEF – ABUSE OF A VULNERABLE PERSON – ORS 124.100

(against United States of America and Integrated Medical Solutions, LLC)

28.

Plaintiff realleges paragraphs 1 through 27 as set forth above and includes them as though fully set forth and contained herein.

29.

Defendants advertised to prison inmates and to members of the public that it would take care of the medical needs of the inmates in a competent and professional manner especially those with

13 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

ongoing serious, acute or emergent medical conditions like seizure disorder. Defendants further advertised that their health care providers should be and would be and were well trained and would be undergoing continual medical training and upgraded training.

30.

The defendants had advanced knowledge of and thus knew or should have known that their employees would be required to assist elderly and disabled inmates and those inmates with serious acute and emergent medical conditions on a daily basis. They knew or should have known that their employees would be assuming custodial care of Sheridan FCI's medically vulnerable inmates and prisoners. They knew or should have known therefore that it's employees required a higher degree of medical skill and training to safely control and care for the inmates who had medically acute and emergent conditions.

31.

That on or about 6:58 AM on March 12, 2021 decedent who was 35 years of age and who had suffered from a well-known seizure disorder for many years was thus physically disabled because of this acute medical condition and was wholly dependent upon the defendants for the purchase of and the dispensing of his twice daily seizure disorder medicine. Kyle Batt was thus under the complete control and care of the defendants and employees for his medical care and medications.

32.

Kyle Batt was susceptible to force, threat, duress, coercion, persuasion, and physical and emotional injury by the Sheridan FCI prison guards, prison pharmacy employees, and prison

14 | FIFTH AMENDED COMPLAINT: STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER: $22,502,515.00)

officials because of his physical impairment, which was his brain seizure disorder.  The BOP was responsible for the purchase and dispensation of his prison-doctor prescribed brain seizure disorder mediations.  He was totally and completely dependent upon Sheridan FCI for obtaining and dispensing these medications without which he would die within a few days.  He could not obtain these medications himself because he was incarcerated in the BOP federal prison system.  He was thus wholly dependent upon the BOP for his medications and his life.  Without his brain seizure medications, he would die within days.  Therefore, Kyle Batt was a person with a disability – brain seizure disorder.  His disability was permanent.  And he was a person with a disability who was susceptible to the forces, threats, duress, coercion, persuasion, and physical and emotional injury by the employees of the BOP and Sheridan FCI because they could cut off his medicine or cut back on the daily amount of his medicine at any time and thereby cause his death at any time and Kyle Batt knew this.

33.

Kyle Batt was in complete reliance upon the defendants for his medical care, for his serious acute medical condition, for his medications, and thus for his physical and mental well-being and for his life.  Kyle Batt was a vulnerable person to the defendants and each of them.

34.

The defendants and their employees knew or should have known that Kyle Batt had this serious and acute medical condition and that he would require his twice-daily anti-seizure medication.  They knew that he had been requesting his anti-seizure medication for several days.  With a

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

conscious disregard for the health, safety, welfare, and life of Kyle Batt, the defendants with deliberate indifference, negligence, negligence per se and gross negligence and negligent conduct negligently failed and refused to dispense to Kyle Batt for several days his anti-seizure medications as ordered by his treating physicians thus subjecting Kyle Batt to the high risk of seizures and ultimately death.

35.

While decedent was in the care and custody of the defendants and each of them, and their agents and employees abused the decedent in a manner contemplated by ORS 124.005(1).

36.

The defendants and each of them had assumed custodial care of the decedent and had withheld critical assistance to him during the period of their care by failing to dispense to him his brain seizure medications.  The defendants, by and through their agents and employees grossly negligent and negligent conduct and negligence per se and with deliberate indifference failed to take reasonable precautions to prevent the decedent from suffering great physical and mental pain and suffering and eventually death.

37.

Pursuant to ORS 124.005 defendants and each of them, in having the care and custody of decedent, committed abuse of a vulnerable person with deliberate indifference, negligence, and gross negligence and negligence per se by failing to dispense to him twice a day for several straight days his brain seizure medicines and thus causing him harm, physical and mental pain and suffering by their omissions and numerous abusive acts as set forth and described herein

16 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

related to their failure to use the utmost care and diligence for the safety and welfare of the decedent.

38.

The defendants' conduct by and through their agents and employees negligently and recklessly endangered the safety, health and welfare of Kyle Batt by negligent and grossly, negligent and negligent per se conduct recklessly and with deliberate indifference engaging in conduct which created a substantial and foreseeable risk of serious physical injury and death to Kyle Batt in the following specifics:

1. Failure to administer brain seizure medicines to Kyle Batt twice a day for several days, despite his numerous requests for the medicine;

2. Failure to provide adequate medical care and medication when the defendants were aware of Kyle Batt's seizure disorder;

3. Housing Kyle Batt on an upper tier bunk when prison physicians and prison medical records and orders show that he was required to have a lower tier bunk which was easier to get to in the event of a seizure;

4. Failure to have medical staff on overnight duty;

5. Significant time delay in calling paramedics and getting them to Kyle Batt in a timely manner;

6. Failure to have trained staff on duty as shown by Sheridan FCI staff and emplyees not knowing how to use the gurney or what to do in the case of a seizure;

17 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

7. Deliberate indifference to an inmate's medical needs which jeopardized Kyle Batt's safety thereby causing his death to occur, thereby violating the 8th Amendment to the U.S. Constitution;

8. Failure to give adequate consideration to abrupt changes in Kyle Batt's anti-seizure medication by failing to place him in a side-lying position in order to prevent injury from aspiration, in violation of Title III of the American Disabilities Act (ADA);

9. Failure to give Kyle Batt his brain seizure medications on a regular basis in violation of Title III of the ADA:

10. Failure to conduct periodic testing of Kyle Batt's blood as required by Title III of the ADA;

11. Failure to properly train prison staff on the medical responses to seizures.

12. Officers failed to operate the gurney on the stairs, in the Sheridan CFI down to the waiting ambulance.

13. Officers did not know what to do with a patent who was suffering a seizure.

14. The officers failed to ask Kyle Batt's cellmate how to handle a seizure patient.

15. The officers failed to get to Kyle Batt in a timely manner thus causing a serious delay in alleviating his seizure symptoms and adding to the further cause of his death.

16. In failing to send enough aid to Kyle Batt thus causing his cellmate to help carry Kyle Batt's stretcher down the stairs to the waiting ambulance.

18  |FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

17. On intake to Sheridan, blood levels of Oxcarbazepine were done and were flagged as low. No increase in dose was ordered, nor was there ever a follow-up blood test done in two years.

18. Multiple occasions of dispensing too few pills, and no effort to obtain and/or dispense additional pills to get him through the month.

19. Ignored his numerous requests for medication refills, even though seizure disorder is a high-priority condition. No alternative meds were provided, and no reason was given for not providing the medication.

20. Noncompliance with housing orders for lower tier, lower bunk.

21. Even after being seen in medical for seizures, no blood levels were done, no adjustment in dose, no alternative meds were prescribed.

39.

At all times mentioned herein said defendants and each of them knew or should have known that there was a high probability that, without proper care, training, supervision, evaluation, and reporting, decedent would suffer great physical injury, harm, and death. Nevertheless, in total disregard for the high probability of injury and death to the decedent, the defendants and each of them, recklessly and negligently and with deliberate indifference and grossly negligent and negligent per se conduct abused Kyle Batt.

40.

That as a direct and proximate result of the above described abusive conduct of the defendants and each of them, the decedent was forced to suffer and endure a painful, traumatic and severe

19 | FIFTH AMENDED COMPLAINT: STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER: $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

brain seizure, heart failure and death including pre-death mental and physical pain and suffering, hospitalization, painful procedures, and lifesaving efforts which were unsuccessful and eventually death, all to his non-economic damages in the sum of $5,000,000.00.

41.

That as a direct and proximate result of the above-described abusive behavior of the defendants and each of them, Kyle Batt was deprived of independence, mobility, and the ability to ever work at gainful employment and support his family, and quietly enjoy his full life expectancy with his family and he, therefore, suffered economic damages in the sum of $2,500,000.00.

42.

That as a direct and proximate result of defendant's, and each of them, abusive conduct as described above, plaintiff Diane Scott was deprived of the care comfort, society, financial support, and companionship of her son all to her general non-economic damages in the sum of $5,000,000.00 against each defendant.

43.

That as a direct and proximate result of defendant's, and each of them, abusive conduct as described above, plaintiff K.R.B. lost the care, comfort, society, guidance, counseling, and companionship of her father all to her general non-economic damages in the sum of $5,000,000.00 against each defendant.

///

20 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

44.

Pursuant to ORS 124.100(2) plaintiff is entitled to an amount equal to three times all economic

damages resulting from the physical abuse.  Plaintiff is therefore entitled to $7,500,000.00 in

damages.

45.

Because decedent was in defendants' care and custody, each of them had duties under laws and

regulations designed and implemented for the protection and benefit of dependent adults to be

free from neglect and abuse.  Defendants knew or should have known that the safety and health

of Oregon residents such as the decedent, were at risk and that neglect and abuse were possible

whenever they failed to meet the duties imposed upon them by such laws and regulations set

forth in ORS 124.100.

THIRD CLAIM FOR RELIEF – VIOLATION OF CONSTITUTIONAL RIGHTS /

BIVENS CLAIM (against John Does One through Ten and Integrated Medical Solutions, LLC)

46.

Plaintiff realleges paragraphs 1 through 45 as set forth above and includes them as though fully

set forth and contained herein.

47.

That at all times mentioned herein, defendants and each of them were acting under the color of

law.

///

21 |FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

48.

That the defendants and each of them, violated decedent's substantive civil rights and his rights to the privileges and immunities under the laws as guaranteed by the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States by their unlawful, negligent, intentional, malicious, reckless, grossly negligent, deliberate indifference, negligence per se, and careless acts as described above.

49.

That as a direct and proximate result of the defendants' violations of plaintiff's civil rights as described above, decedent received the several injuries as described above and as a result died.

50.

That as a direct and proximate result of defendants' and each of them, conduct as described above, plaintiff, Diane Scott was deprived of the care, comfort, society, financial support, companionship of her son all to her general damages in the sum of $5,000,000.00 against each defendant.

51.

That as a direct and proximate result of defendants' and each of them, conduct as described above, K.R.B. lost the care, comfort, society, guidance, counseling, and companionship of her father all to her general damage in the sum of $5,000,000.00 against each defendant.

///

22 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

52.

That as a direct and proximate result of the defendants' and each of them, conduct as described above, decedent suffered great mental and physical pain and anguish before he died all to non-economic damages in the sum of $5,000,000.00 against each defendant.

53.

That as a direct and proximate result of the above described conduct of the defendants and each of them Kyle Batt was deprived of his ability to ever work and gain useful employment and support his family and thus suffered a loss of future wages in the sum of $2,500,000.00.

WHEREFORE the plaintiffs pray for a judgment against the defendants and each of them, in the following sums:

1.  Against the defendants United States of America and Integrated Medical Solutions, LLC and each of them, in favor of Diane Elaine Scott, Personal Representative of the Estate of Kyle Batt deceased in the amount of $22,502,515.00;

2.  Against the defendants United States of America and Integrated Medical Solutions, LLC and each of them, in favor of plaintiffs for abuse of a vulnerable person pursuant to ORS 124.100(2) in the amount of $22,502,515.00;

3.  Against the defendants John Does One to Ten and Integrated Medical Solutions, LLC, each of them, in the amount of $22,502,515.00;

4.  Against the defendants and each of them, for plaintiffs' costs and disbursements incurred herein.

23 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER:  $22,502,515.00)

Thomas J. Flaherty, Attorney at Law
3032 SE Rood Bridge Drive, Hillsboro, OR 97123
Phone: 503-245-2500 / Fax: 503-648-6695
flahertythomas@msn.com

Date: December ___15, 2023

Respectfully Submitted,

Thomas J. Flaherty, OSB No. 740965
Attorney for Plaintiffs
3032 SE Rood Bridge Drive
Hillsboro, OR 97123
Phone: 503-245-2500; Fax: 503-648-6695
flahertythomas@msn.com

24 | FIFTH AMENDED COMPLAINT:  STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE
PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC §
2674)
(PRAYER:  $22,502,515.00)

CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, I served the foregoing Fifth Amended Complaint

on the following:


Dianne Schweiner
Assistant U.S. Attorney for the District of Oregon
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204


Peter J. Viteznik, Attorney at Law
Kilmer, Voorhees and Laurick P.C.
732 NW 19th Avenue
Portland, Oregon 97209-1302


By placing said document in a sealed envelope with postage fully prepaid, and mailing it at the

Hillsboro, Oregon United States Post Office and also sent by email to:


pviteznik@kilmerlaw.com          dianne.schweiner@usdoj.gov


Dated this 15 day of December 2023.




Thomas J. Flaherty, OSB No. 740965
Attorney for Plaintiffs
3032 SE Rood Bridge Dr. Hillsboro, OR 97123
Phone: 503-245-2500; Fax: 503-648-6695
flahertythomas@msn.com


25 | FIFTH AMENDED COMPLAINT: STATUTORY WRONGFUL DEATH (ORS 30.020), ABUSE OF VULNERABLE PERSON (ORS 124.100), VIOLATION OF CONSTITUTIONAL RIGHTS/BIVENS CLAIM, (28 USC § 1346 and 28 USC § 2674)
(PRAYER: $22,502,515.00)