IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANE ELAINE SCOTT, personal
representative of the estate of Kyle Batt,
deceased, DIANE ELAINE SCOTT, guardian
ad litem for K.R.B., a minor child, DIANE
ELAINE SCOTT, personally,

          Plaintiffs,

      v.

UNITED STATES OF AMERICA,
DEWAYNE HENDRIX, JOHN DOES ONE
THROUGH TEN, INTEGRATED MEDICAL
SOLUTIONS, LLC,

          Defendants.

Case No. 3:23-cv-00423-SB

**OPINION AND ORDER**

_____

**BECKERMAN, U.S. Magistrate Judge.**

      Diane Elaine Scott ("Scott"), in her capacity as the personal representative of the estate of

Kyle Batt ("Batt"), alleges claims of abuse of a vulnerable person, statutory wrongful death, and

violations of the U.S. Constitution against the United States, Integrated Medical Solutions, LLC,

and ten John Does (together, "Defendants"). Before the Court is Defendant United States' (the

"United States") motion to dismiss Scott's abuse of a vulnerable person claim and to strike

Scott's request for treble damages and for non-economic damages in excess of $500,000. (ECF No. 72.)

The Court has jurisdiction over the claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), and 28 U.S.C. § 1331, and all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. For the reasons that follow, the Court grants the United States' motion to dismiss and denies its motion to strike.

## BACKGROUND

This case arises out of Batt's death in March 2021 while incarcerated at FCI Sheridan. Scott alleges that Batt, an individual in custody, suffered from a seizure disorder and that Batt did not receive his anti-seizure medication for several days leading up to his death, despite his numerous requests to the FCI Sheridan pharmacy and other FCI Sheridan officials. (Fifth Am. Compl. ("FAC") ¶ 8, ECF No. 62.) Scott alleges additional wrongful acts and omissions by Defendants, such as insufficient medical staffing, delayed response to Batt's seizure, housing Batt on an upper-tier bunk when not medically recommended, and other inadequate medical care. (*Id.* at 10-11.) Scott asserts state law claims of abuse of a vulnerable person and statutory wrongful death against the United States and Integrated Medical Solutions, LLC and *Bivens* claims against Integrated Medical Solutions, LLC and ten John Does. (*See id.* at 9-23.)

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (simplified).

## DISCUSSION

The Court previously dismissed Scott's abuse of a vulnerable person claim against the United States with leave to amend. (*See* ECF Nos. 58, 64.) Scott filed a fifth amended complaint, realleging a claim for abuse of a vulnerable person, and the United States now moves to dismiss that claim with prejudice for failure to state a claim. (Def.'s Mot. Dismiss ("Def.'s Mot.") at 4, 15-16, ECF No. 72.) Defendants also argue that the Court should strike Scott's request for treble damages and for damages above the Oregon Tort Claims Act's non-economic damages cap. (*Id.* at 13-14.)

## I.    ABUSE OF A VULNERABLE PERSON CLAIM

The United States argues that Scott has failed to state a claim because, *inter alia*, Scott has not adequately pled that Batt was a "vulnerable person."[1] (*Id.* at 5-9.)

### A.    Applicable Law

Scott's claim arises under the FTCA, which "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 592 U.S. 209, 210 (2021) (citations omitted). Federal courts have jurisdiction over state-law tort claims if the claim is:

> (1) against the United States, (2) for money damages, . . . (3) for injury or loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[1] The Court has already addressed the United States' argument that sovereign immunity bars Scott's abuse of a vulnerable person claim here. (ECF No. 58 at 12.)

*Id.* at 212 (simplified). "[T]he law of the state where the injury occurred is controlling." *Sullivan v. U.S. Dep't of Navy*, 365 F.3d 827, 832 (2004) (citations omitted). Thus, the question before the Court is whether Scott has alleged factual content that allows the Court to draw the reasonable inference that a private person would be liable to Scott under Oregon law.

Oregon Revised Statutes ("ORS") § 124.100(2) provides that "[a] vulnerable person who suffers injury, damage or death by reason of physical abuse . . . may bring an action against any person who has caused the physical . . . abuse or who has permitted another person to engage in physical . . . abuse." The statute defines a "vulnerable person" and "physical abuse."

The statute defines a "vulnerable person" to include a "person with a disability who is susceptible to force, threat, duress, coercion, persuasion or physical or emotional injury because of the person's physical or mental impairment."[2] ORS § 124.100(1)(e)(D). A "person with a disability" means:

> a person with a physical or mental impairment that:
>
> (A) Is likely to continue without substantial improvement for no fewer than 12 months or to result in death; and
>
> (B) Prevents performance of substantially all the ordinary duties of occupations in which an individual not having the physical or mental impairment is capable of engaging, having due regard to the training, experience and circumstances of the person with the physical or mental impairment.

///

///

///

///

---

[2] Scott does not allege or argue that any of the other statutory definitions of a "vulnerable person" apply here (Pl.'s Resp. Br. ("Pl.'s Resp.") at 5-6, ECF No. 73), and the Court concludes that none do.

*Id.* § 124.100(1)(d). "Physical abuse" includes "[r]ecklessly endangering another person," and the incorporated criminal statute proscribes "recklessly engag[ing] in conduct which creates a substantial risk of serious physical injury to another person."[3] *Id.* § 124.105(1)(c); *id.* § 163.195(1).

### B.    Analysis

#### 1.    Person with a Disability

The United States argues that Scott has not adequately pled that Batt was a "person with a disability," as defined by statute, and thus not a "vulnerable person." (Def.'s Mot. at 5-8.) The Court agrees.

As discussed, a "person with a disability" means a person with an impairment that is both "likely to continue without substantial improvement for no fewer than 12 months or to result in death" and "[p]revents performance of substantially all the ordinary duties of occupations in which an individual not having the physical or mental impairment is capable of engaging, having due regard to the training, experience and circumstances of the person with the physical or mental impairment." ORS § 124.100(1)(d). Scott alleges that Batt had a brain seizure disorder and that the disorder was permanent (FAC ¶ 32), but Scott has not alleged any facts suggesting that Batt's seizure disorder prevented him from performing *substantially all* of the ordinary

---

[3] The abuse of a vulnerable person statute also requires that "[a] person commencing an action . . . shall mail a copy of the complaint or other initial pleading to the Attorney General at the time the action commences." ORS § 124.100(6). It is unclear whether Scott has sent a copy of the complaint to the Oregon Attorney General. In reply, the United States argues that the Court should dismiss the complaint because Scott did not serve the Oregon Attorney General within thirty days of filing suit, citing *Bishop v. Waters*. (Def.'s Reply Br. Pl.'s Resp. ("Def.'s Reply") at 3, ECF No. 74); *see Bishop v. Waters*, 380 P.3d 1114 (Or. Ct. App. 2016). The Oregon legislature amended ORS § 124.100, effective January 1, 2020, to remove the thirty-day service requirement. *See* Or. Laws 2019, ch. 345, § 1. Now, "[f]ailure to mail a copy of the complaint or pleading is not a jurisdictional defect and may be cured at any time prior to entry of judgment." ORS § 124.100(6).

duties of occupations. There are no allegations in the complaint regarding Batt's inability to perform ordinary duties of occupations. *See In re Cattell*, No. 19-33823-DWH13, 2022 WL 6797579, at *8-9 (Bankr. D. Or. Oct. 11, 2022) (concluding that although the plaintiff presented evidence that he had autism, the plaintiff did not demonstrate that his autism satisfied the second prong of the statutory definition, *i.e.*, preventing performance of substantially all of the ordinary duties of occupations, with due regard to his training, experience, and circumstances).

Accordingly, Scott has failed to plead facts to support a reasonable inference that Batt was a vulnerable person as defined by statute, and the Court therefore grants the United States' motion to dismiss Scott's abuse of a vulnerable person claim.[4] *See Perez v. U.S. Prob. Off.*, 428 F. App'x 768, 769 (9th Cir. 2011) ("[The plaintiff] filed his complaint pursuant to the provisions of the Federal Tort Claims Act, which required him to allege claims upon which relief could be granted to a private person under the law of the State of Nevada. He did not do so.") (footnotes omitted); *Jorgenson v. United States*, No. 1:17-cv-00817-LJO-EPG-PC, 2019 WL 6717608, at *6 (E.D. Cal. Dec. 10, 2019) (dismissing FTCA claims against the United States for failure to state a claim under state law), *findings and recommendation adopted*, 2020 WL 443932 (E.D. Cal. Jan. 28, 2020). For the same reasons, the Court dismisses Scott's abuse of a vulnerable person claim against Defendant Integrated Medical Solutions, LLC.

## 2.    Dismissal with Prejudice

The United States argues that the Court should dismiss the abuse of a vulnerable person claim with prejudice because Scott has already attempted to plead the claim six times. (Def.'s

---

[4] Because the Court concludes that Scott has not adequately pled that Batt was a vulnerable person, the Court does not address the United States' other arguments relating to Scott's abuse of a vulnerable person claim. (*See* Def.'s Mot. at 7-12.) The Court also does not address the United States' exhaustion argument, raised for the first time in its reply. (Def.'s Reply at 2.)

Mot. at 15-16.) In her response, Scott does not respond to the United States' argument nor request further leave to amend. (*See generally* Pl.'s Resp.)

The Court dismisses Scott's abuse of a vulnerable person claim with prejudice because Scott has amended her complaint several times, and she has "point[ed] to no additional facts that [she] might allege to cure th[is] deficienc[y.]" *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008), *as amended* (Aug. 26, 2008) (citation omitted) (affirming dismissal with prejudice for failure adequately to plead a required element of the claim); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (explaining that "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend [the plaintiff's] complaint") (simplified); *Ashford v. Hill*, No. 5:22-cv-00846-SSS-KES, 2023 WL 5105827, at *9 (C.D. Cal. June 7, 2023) (dismissing the plaintiff's claim of elder abuse under California law without leave to amend after the court had previously advised the plaintiff that he had failed to allege sufficient facts to state a claim), *report and recommendation adopted*, 2023 WL 4824916 (C.D. Cal. July 27, 2023).

Specifically, the gravamen of Scott's complaint is that Batt's seizure disorder is controlled by medication. In other words, if Batt had received his medication, he would not have suffered from the seizures that preceded his death. (*See* FAC ¶ 8.) Accordingly, the complaint forecloses Scott's ability to plead in good faith that Batt was a person with a disability, which would require an allegation that Batt's impairment prevented him from performing substantially all of the ordinary duties of occupations in which an individual without a seizure disorder is capable of engaging, having due regard to Batt's training, experience, and circumstances. *Cf. Washburn v. Columbia Forest Prods., Inc.*, 134 P.3d 161, 165-66 (Or. 2006) ("In our view, . . . the legislature did not intend to categorize an impairment as substantially limiting [under ORS

659A.100(1)(a)] if, for example, medication could ameliorate the effects of impairment such that the individual would be capable of performing the otherwise affected major life activity. . . . To illustrate, if courts fail to consider the effects of mitigating measures, they might conclude that an individual afflicted by hypertension is a 'disabled person' simply because for most people, the failure to treat that condition eventually results in substantial limitations to at least one major life activity[.] Under that analysis, an individual who controls his or her hypertension through medication—as many today do—nevertheless would be considered a 'disabled person' simply because the individual had the condition."). Indeed, at oral argument, Scott's counsel conceded that Batt worked both prior to incarceration and while in custody. Scott's counsel clarified that he is not aware of any facts suggesting that Batt's seizure disorder prevented him from working so long as he received his medication. As a result, any further amendment of the complaint would be futile.

## II.    MOTION TO STRIKE

The United States also argues that the Court should strike Scott's request for (1) treble damages and (2) non-economic damages above the statutory cap for wrongful death cases. (Def.'s Mot. at 13-14.) Because Scott only requests treble damages on her abuse of a vulnerable person claim (FAC ¶ 44) and the Court dismisses Scott's claim herein, the Court denies the United States' motion as moot.

The United States also argues that the statutory cap on non-economic damages found in ORS § 31.710(1) applies here. (Def.'s Mot. at 13.) A dispute is constitutionally ripe when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1086 (9th Cir. 2015) (quoting *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005)). "A claim is not ripe if it involves

'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"
*United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009) (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985)). The injury must be "*certainly* impending[.]" *Id.* (quoting *18 Unnamed John Smith Prisoners v. Meese*, 871 F.2d 881, 883 (9th Cir. 1989)).

Courts have consistently deferred the question of whether a damages cap applies until after trial. *See, e.g.*, *Williams v. Invenergy, LLC*, No. 2:13-cv-01391-AC, 2016 WL 11779712, at *1 (D. Or. Oct. 28, 2016) ("[T]he Defendants' motion to apply the statutory cap in Or. Rev. St. § 31.710 is premature. Unless and until a jury reaches a verdict awarding noneconomic damages that exceeds the statutory cap, the court need not address or decide whether the cap is constitutional and, if so, whether it should be applied in this case."); *Osborne v. Billings Clinic*, No. 14-cv-126-BLG-SPW, 2015 WL 13466113, at *1 (D. Mont. Dec. 16, 2015) ("[The plaintiff]'s motion [to find the statutory cap unconstitutional] rests upon contingent future events that may not occur as anticipated or at all. Based on the cascade of events that need to occur before this question must be answered, the court cannot say that [the plaintiff]'s injury is 'certainly impending.' As such, his motion is not ripe.") (citations omitted); *Anderson v. Molenda*, No. 3:09-cv-513-CWD, 2010 WL 11646747, at *2 (D. Idaho July 29, 2010) (concluding that the plaintiff's motion to strike the defendant's affirmative defense asserting application of the statutory damages cap was not yet ripe because Idaho law "would apply once a jury issued a verdict finding Plaintiff entitled to noneconomic damages, and then, only if the noneconomic damage award exceeded the cap") (citation omitted); *Jeffries v. United States*, No. 08-cv-1514-RSL, 2009 WL 3151030, at *6 (W.D. Wash. Sept. 28, 2009) (concluding that the defendants' request "that the Court limit the non-economic damages plaintiff may seek to $500,000" was not yet ripe for adjudication and that the fact finder could consider damages

above the cap).[5] Accordingly, the Court denies the United States' motion to strike Scott's request

for non-economic damages in excess of $500,000, with leave to renew post-trial.

## CONCLUSION

For the reasons stated, the Court GRANTS the United States' motion to dismiss and

DENIES its motion to strike (ECF No. 72).

DATED this 4th day of April, 2024.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[5] The United States suggested at oral argument that an opinion on the applicability of the cap would allow the parties to evaluate the settlement value of the case. While the Court does not disagree, the Court lacks the authority to issue an advisory opinion. *See generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (noting that federal courts lack authority to issue advisory opinions).